UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>PEDRO CHINNERY,<br>JERMAINE LIGHTFOOT,<br>STAN JONES,<br>DAVID McCRONE, and<br>JASON BRANDT,<br><br>                                        *Defendants.* | **Protective Order**<br><br>**21 Cr. 463 (CS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(A) through (G), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could

lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. Sensitive disclosure material shall be disclosed only as follows:

(a) No copies of sensitive disclosure material may be provided to or maintained by the defendant or any prospective witnesses, and may be reviewed by the defendant or prospective witnesses only in defense counsel's presence;

(b) Sensitive disclosure material may be disclosed to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cell phones, and other devices and storage media. This ESI was seized from: Pedro Chinnery (phones, email, and iCloud), Jermaine Lightfoot (phones), Stan Jones (phones), Jason Brandt (phone). Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date: _August 19, 2021_
Jeffrey C. Coffman
Assistant United States Attorney

4

*[signature]*      Date: 8/24/21
Francis L. O'Reilly
Counsel for Pedro Chinnery

_____      Date: _____
Lance Lazarro
Counsel for Jermaine Lightfoot

_____      Date: _____
Bruce D. Koffsky
Counsel for Stan Jones

_____      Date: _____
Jennifer R. Louis-Jeune
Counsel for David McCrone

_____      Date: _____
Richard D. Willstatter
Counsel for Jason Brandt

SO ORDERED:

Dated: White Plains, New York

_____
Date

_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| _____<br>Francis L. O'Reilly<br>Counsel for Pedro Chinnery | Date: _____ |
| _____<br>Lance Lazzaro<br>Counsel for Jermaine Lightfoot | Date: _____8/20/21_____ |
| _____<br>Bruce D. Koffsky<br>Counsel for Stan Jones | Date: _____ |
| _____<br>Jennifer R. Louis-Jeune<br>Counsel for David McCrone | Date: _____ |
| _____<br>Richard D. Willstatter<br>Counsel for Jason Brandt | Date: _____ |

SO ORDERED:

Dated: White Plains, New York

_____
Date

_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

5

_____                           Date: _____
Francis L. O'Reilly
Counsel for Pedro Chinnery


_____                           Date: _____
Lance Lazarro
Counsel for Jermaine Lightfoot

_____                           Date: 8/23/2021
Bruce D. Koffsky
Counsel for Stan Jones


_____                           Date: _____
Jennifer R. Louis-Jeune
Counsel for David McCrone


_____                           Date: _____
Richard D. Willstatter
Counsel for Jason Brandt



SO ORDERED:

Dated:  White Plains, New York

_____
Date

                                                   _____
                                                   THE HONORABLE CATHY SEIBEL
                                                   UNITED STATES DISTRICT JUDGE

5

_____  Date: _____
Francis L. O'Reilly
Counsel for Pedro Chinnery


_____  Date: _____
Lance Lazarro
Counsel for Jermaine Lightfoot


_____  Date: _____
Bruce D. Koffsky
Counsel for Stan Jones


*Jennifer R. Louis Jeune*  Date: 8/20/2021
Jennifer R. Louis Jeune
Counsel for David McCrone


_____  Date: _____
Richard D. Willstatter
Counsel for Jason Brandt


SO ORDERED:

Dated: White Plains, New York

_____
Date

_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

5

_____  Date: _____
Francis L. O'Reilly
Counsel for Pedro Chinnery

_____  Date: _____
Lance Lazarro
Counsel for Jermaine Lightfoot

_____  Date: _____
Bruce D. Koffsky
Counsel for Stan Jones

_____  Date: _____
Jennifer R. Louis-Jeune
Counsel for David McCrone

*/s/ Richard D. Willstatter*  Date: August 20, 2021
Richard D. Willstatter
Counsel for Jason Brandt

SO ORDERED:

Dated: White Plains, New York
August 24, 2021

*/s/ Cathy Seibel*
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

5